URIAH H. CROSBY, Plaintiff in Error, *v.* JOHN M. GIPPS, Defendant in Error.

ERROR TO TAZEWELL.

In a proceeding under the act of 1852, for obstructing a road or highway ; if the jury find the party guilty of continuing an obstruction, it will be erroneous to enter judgment on such finding.  A justice of the peace has not authority to hear and try a party for " *continuing* " an obstruction of a highway.

THIS case is fully stated in the opinion of the Chief Justice. The cause was tried before POWELL, Judge.

JAMES ROBERTS, for Plaintiff in Error.

B. S. PRETTYMAN, for Defendant in Error.

CATON, C. J.   This was an action brought before a justice of the peace, under the statute of 22nd of June, 1852, which provides, that if any person shall obstruct a road in the manner provided in section sixteen of chapter ninety-three, Rev. Stat., the penalty provided in said section may be recovered either by indictment, or in a *qui tam* action in the name of the informer, before a justice of the peace, on the complaint of any person. The plaintiff recovered a judgment before a justice.   The defendant took an appeal to the Circuit Court, where, upon the trial, the jury returned the following verdict :   " We, the jury, find the defendant guilty of continuing the obstructions, in the sum of six dollars."   The defendant moved for a new trial and in arrest of judgment, both of which motions were overruled, and he now brings the case here by appeal, and assigns these decisions for error.

Section sixteen of chapter ninety-three, Rev. Stat., provides that, " If any person shall obstruct any public road by falling a tree or trees across the same, by encroaching upon or fencing up the same, or by placing any other obstruction therein, he shall forfeit for any such offense, a sum not exceeding ten dollars, and a sum not exceeding three dollars for every day he shall suffer such obstruction to remain, after he shall have been

ordered to remove the same, by any supervisor, county commissioner or justice of the peace."

Really, the reference to these statutes and the quotation of the verdict, disposes effectually of this case. The last statute referred to, creates two distinct offenses, for which different penalties are imposed. The first is for obstructing a road, with a penalty not exceeding ten dollars, and the second for continuing the obstruction after being ordered to remove it, with a penalty not exceeding three dollars per day. These are as much separate offenses as if they were of entirely different characters and relating to different subjects. The act of 1852, under which this action was brought, has reference to but one of these offenses, that is, obstructing a road. For the other offense, that is, continuing the obstruction, no authority is given to an individual to sue in his own name, and no jurisdiction is given to a justice of the peace. Nor was the complaint for this second offense. It was for obstructing a road only, and so was the summons, and so was the judgment before the justice. And, indeed, the same may be said of all the proceedings before the Circuit Court, except the verdict. The verdict finds the defendant guilty of an offense for which he was not prosecuted, of which he had no notice, and which he was not called upon to defend, and it fails to find him guilty of the offense for which he was prosecuted, and of which alone the court in that form of action had jurisdiction. Upon that verdict the court had no authority to render a judgment.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*